UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE SAINT-FLEUR, an individual<br><br>Plaintiff,<br><br>v.<br><br>HERMAN BARRETTO, an individual; MARY JORDAN-CHURCH, an individual; ROBERT WILKIE as SECRETARY OF DEPARTMENT OF VETERANS AFFAIRS; and DOES 1 through 25, inclusive<br><br>Defendants. | 1:18-CV-01517-LJO-SAB<br><br>**MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>(ECF No. 17) |

## I. INTRODUCTION

On November 11, 2018, plaintiff Pierre Saint-Fleur ("Plaintiff") filed a complaint against the Department of Veterans Affairs ("VA"), two of its employees, and Does 1-25 (collectively, "Defendants"), alleging employer retaliation under Title VII, 42 U.S.C. § 2000e-3(a), and three common law torts by the two named employees, seeking both injunctive relief and damages. ECF No. 1. The Court now considers Defendants' Motion to Dismiss ("Motion"), which alleges that all counts of Plaintiff's Complaint are subject to dismissal for lack of subject matter jurisdiction, including failure to exhaust administrative remedies and sovereign immunity. ECF No. 17-1. The Court finds it appropriate to rule on Defendant's Motion without oral argument. *See* Local Rule 230(g). For the following reasons, the Court GRANTS Defendants' Motion to Dismiss.

1

## II. BACKGROUND

Plaintiff worked as Director of the Fresno VA Center ("Fresno Center") until October 31, 2016, when he agreed to retire in exchange for a payout as part of a settlement resolving an Equal Employment Opportunity Commission ("EEOC") complaint he filed against VA. ECF No. 1 at ¶¶ 2, 16, 21. Plaintiff alleges that, following his retirement, two employees of the Fresno Center, Herman Barretto and Mary Jordan-Church (collectively, "employees," "VA employees"), made disparaging, untrue remarks about him, in contravention of the terms of Plaintiff's settlement. ECF No. 1 at ¶¶ 23-25. Plaintiff filed suit on November 1, 2018, naming VA as a defendant through its Secretary, Robert Wilkie, and naming the two employees as defendants as well. ECF No. 1. Seeking injunctive relief and monetary damages, Plaintiff alleges that he has been unable to find suitable work because of the derogatory remarks and that he is shunned now within his professional community. ECF No. 1 at ¶¶ 27. In his suit, Plaintiff brings one claim of employer retaliation, in violation of Title VII, 42 U.S.C. § 2000e-3(a), arguing the Fresno Center's employees' behavior, ratified by VA, stems from Plaintiff's earlier choice to avail himself of the EEOC process. ECF No. 1 at ¶¶ 38-51. Plaintiff also brings claims for the common law torts of slander per se, defamation, and false light, based on the alleged derogatory comments themselves. ECF No. 1 at ¶¶ 52-76.

On February 27, 2019, Defendants filed their Motion to Dismiss, arguing that this Court lacks subject matter jurisdiction over all of Plaintiff's claims. ECF Nos. 17, 17-1. Defendants contend that Plaintiff's Title VII claim is subject to dismissal either because it is an action for breach of the earlier EEOC settlement agreement, and district courts lack jurisdiction over such claims, or because the claim constitutes an alleged new EEOC violation and Plaintiff failed to exhaust administrative remedies. ECF No. 17-1 at 4-6. Defendants further contend that Plaintiff's common law tort claims are subject to the Federal Tort Claims Act ("FTCA," "the Act"), which retains sovereign immunity and excepts liability for intentional torts, or in the alternative, the common law tort claims must be dismissed for failure to

exhaust administrative remedies under the Act. ECF No. 17-1 at 6-10.

In order to cure the alleged defect in his Title VII claim, Plaintiff asks that the claim be dismissed without prejudice or that he be given leave to amend, suggesting that if amendment is permitted, Plaintiff will bring a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), instead. ECF No. 19 at 10-11. Plaintiff likewise opposes dismissal of his common law torts, arguing that VA's employees were acting outside the scope of their employment at the times of the alleged defamatory remarks and that VA's submission of a Certification of Scope of Federal Employment is a gambit "to avoid direct or derivative liability." ECF No. 19 at 5-10. Plaintiff's position in his Opposition regarding scope of employment stands in stark contrast to his Complaint, in which he asserts the contrary:

> **at all relevant times, each of the defendants**, whether named or fictitious, was the agent or employee of each of the other defendants, and in doing the things alleged to have been done in the complaint, **acted within the scope of such agency or employment, or ratified the acts of the other.**

ECF No. 1 at ¶ 9.

### III. LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may assert by motion the defense of lack of subject matter jurisdiction. Fed. R. Civ. P. 12. The defense can be raised at any time prior to final judgment. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004). Motions challenging subject matter jurisdiction may present a facial attack based solely on the complaint or a factual attack that looks beyond the pleadings to contest "the substance of a complaint's jurisdictional allegations despite their formal sufficiency." *White v. Lee*, 227 F.3d 1214, 1252 (9th Cir. 1989); *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). For a facial attack, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). For a factual

3

attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (9th Cir. 1977). "[T]he district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

## IV. ANALYSIS

Defendants urge this Court to dismiss each of Plaintiff's claims for lack of subject matter jurisdiction. ECF Nos. 17-1, 20. Plaintiff opposes, asking this Court to find that the VA's employees acted outside the scope of their employment and that any defect to his Title VII claim can be cured. ECF No. 19. The Court agrees with Defendants that it lacks subject matter jurisdiction, and for the following reasons, Plaintiff's claims are dismissed.

**A.     The Title VII Claim**

    **1.     The Only Proper Defendant is the VA Secretary**

As a preliminary matter, this Court addresses the proper defendant(s) to be named in a Title VII action. Here, Plaintiff named Robert Wilkie in his capacity as VA Secretary, the two VA employees, and Does 1-25 as defendants; however, the only proper defendant in a Title VII suit is "the head of the department, agency, or unit." 42 U.S.C. § 2000e-16(c). *See also Holly v. California Institute of Technology*, 339 F.3d 1158, 1179 (2003) ("We have consistently held that Title VII does not provide a cause of action for damages against supervisors or fellow employees."). For that reason, the Court dismisses from this claim all defendants other than the VA Secretary, Robert Wilkie.

    **2.     The Title VII Claim as Breach of the EEOC Settlement Agreement**

Plaintiff's Title VII claim asserts that VA "by and through its agents, [VA employees], and Does 1-25 inclusive, have disparaged and continue to disparage [Plaintiff] by orally publishing false and misleading statements about [Plaintiff]," which behavior, Plaintiff contends, is in retaliation for

Plaintiff's earlier EEOC complaint. ECF No. 1 at ¶ 44. The particular section of Title VII at issue in this case provides that:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment … because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

Of particular significance to the analysis here, Plaintiff's written agreement settling his EEOC complaint with VA included a provision in which VA agreed to "direct its employees to refrain, cease and desist from making any and all derogatory statements regarding the [Plaintiff]." ECF No. 17-2 at 4. Plaintiff, in fact, acknowledged and incorporated this provision in ¶ 22 of his Complaint. EFC No. 1. Further, Plaintiff and Defendants seem to agree implicitly that this settlement provision encompasses the alleged derogatory language which forms the basis of Plaintiff's instant Title VII claim. ECF Nos. 1 at ¶¶ 22-25, 17 at 3-4.

On its face, Plaintiff's Title VII claim can be construed as a claim for breach of the settlement provision regarding derogatory statements.[1] VA agreed to direct its employees to refrain from making such statements; Plaintiff contends that VA's employees continued to make them. Insofar as Plaintiff's claim involves a breach of the settlement agreement, Plaintiff is bound by the terms and law governing resolution of breaches of such agreements.

Plaintiff's settlement agreement includes a clause specifically addressing the process for seeking remedy for breach:

> [I]f [Plaintiff] believes the Agency has not complied with the terms of this Agreement, he shall notify the Deputy Assistant Secretary for Resolution Management in writing, within 30 days after the date he knew or should

---

[1] While Plaintiff's Complaint seems to argue a new violation of Title VII that is subsequent to and independent of his initial EEOC action, the language and arguments deployed in the Complaint also strongly suggest a breach of Plaintiff's EEOC settlement agreement. For that reason, the Court addresses both potential readings.

5

> have known of the alleged breach, and request that the terms of his Agreement be specifically implemented. [Plaintiff] may request that his EEO complaint be reinstated for further processing … [Plaintiff] may appeal to EEOC if he believes that the Agency either has not fully implemented this Agreement or has improperly failed to reinstate his complaint. If [Plaintiff] seeks reinstatement of his complaint … he shall return to the Agency all relief afforded to him, including all money … as a condition precedent to reinstatement of his complaint.

ECF No. 17-2 at 4. Plaintiff does not contend that he pursued this process; instead, he filed this action.

This Court lacks jurisdiction over Plaintiff's claim for breach of the type of agreement at hand. The Ninth Circuit has held that the district courts do no have subject matter jurisdiction to enforce predetermination settlement agreements—i.e., those "entered into without genuine investigation, reasonable cause determination, and conciliation efforts by EEOC." *Munoz v. Mabus*, 630 F.3d 856, 860-61 (9th Cir. 2010). The Circuit Court reasoned that "Congress' waiver of sovereign immunity under Title VII does not extend to suits" that have not undergone these procedural and substantive steps. *Munoz*, 630 F.3d at 861.

Based on this Court's review of the settlement document and as represented by Defendants, no genuine investigation was conducted in this case; no reasonable cause determination was rendered; and no conciliation efforts were made. Plaintiff's settlement agreement in this case is a predetermination settlement agreement—a fact Plaintiff has not disputed. Accordingly, this Court does not have subject matter jurisdiction to the extent that Plaintiff's Title VII claim seeks redress for a breach of his settlement agreement.

### 3. <u>The Title VII Claim as a Subsequent, Independent EEOC Complaint</u>

To the extent that Plaintiff's Title VII claim can be construed as a new EEOC violation, subsequent to and independent of his settlement agreement, this Court must determine anew whether it has subject matter jurisdiction. Our determination begins (and ends) with an analysis of the administrative exhaustion requirement.

A plaintiff must exhaust her administrative remedies before bringing a Title VII claim in district

court. *Sommatino v. U.S.*, 255 F.3d 704, 707 (9th Cir. 2001). For a federal employee, this entails first notifying an EEOC counselor of any alleged discrimination within 45 days of the event, and if the matter is not resolved, later filing a formal administrative complaint. *Sommatino*, 255 F.3d at 708. "The Supreme Court has held that the failure to file a timely EEOC administrative complaint is not a jurisdictional prerequisite to a Title VII claim, but is merely a statutory requirement subject to waiver, estoppel and equitable tolling." *Id.* (omitting citation).

In the Ninth Circuit, cases have held that "the administrative exhaustion requirements … are conditions precedent to filing an action which a defendant may waive or be estopped from asserting." *Sommatino*, 255 F.3d at 708 (citing *Vinieratos v. United States,* 939 F.2d 762, 768 n. 5 (9th Cir.1991); *Stache v. Int'l Union of Bricklayers,* 852 F.2d 1231, 1233 (9th Cir.1988); *Valenzuela v. Kraft, Inc.,* 801 F.2d 1170, 1172 (9th Cir.1986)). Acutely relevant to this case, the Ninth Circuit has also held that "substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional prerequisite." *Paige v. State of California,* 102 F.3d 1035, 1041 (9th Cir.1996) (emphasis original).

Here, Plaintiff never filed a new EEOC complaint for the alleged retaliation, instead proceeding directly to litigation. Plaintiff did not address this oversight in his Complaint. In his Opposition, once the issue was raised by Defendants, Plaintiff suggested that he failed to file a new EEOC complaint because he "no longer works for the VA, and because [he] is not claiming wrongful termination," and thus, he "did not consider that the EEOC had jurisdiction." ECF No. 19 at 11. But it is well-established that EEOC has jurisdiction over claims like Plaintiff's—those involving a former employee asserting employer retaliation, the effects of which are felt outside of the workplace. *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997) (holding that term "employees" as used in antiretaliation provision of Title VII includes former employees); *Burlington Northern & Santa Fe Ry. V. White*, 548 U.S. 53, 64 (2006) (establishing that employer can retaliate against employee "by taking actions not directly related

to his employment or by causing him harm *outside* the workplace").

Clearly, Plaintiff has not substantially complied with presentment of a new EEOC complaint to the appropriate administrative agency; he does not deny this. Instead, Plaintiff pleads ignorance, and though the doctrine of equitable tolling may apply to *excusable* ignorance, the doctrine does not apply to "avoid the consequences of one's own negligence." *Lehman v. U.S.*, 154 F.3d 1010, 1016 (9th Cir. 1998). Plaintiff neither attempted to comply with the exhaustion requirement, nor inquired into whether a breach of the settlement had occurred, or a new EEOC action had accrued, when, in November 2016, he first became aware of the possible continuation of derogatory comments. Indeed, two years lapsed, during which time more alleged injuries were incurred, before this suit was filed. Consequently, to the extent that Plaintiff's Title VII claim can be construed as one for new discriminatory conduct, this Court does not have subject matter jurisdiction for the simple reason that Plaintiff has failed to exhaust his administrative remedies.[2]

**B.      The Common Law Torts**

Turning to Plaintiff's common law tort claims, the Court must determine whether the FTCA applies to Plaintiff's claims grounded in the intentional torts of slander and defamation, and the privacy tort of false light, and if so, whether Plaintiff exhausted his administrative remedies in relation to each.

"The FTCA is the exclusive remedy for tort actions against a federal agency." *Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998).  It "waives the sovereign immunity of the United States … and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees." *Valdez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011)

---

[2] Plaintiff asks this Court also to consider permitting him to amend his Title VII claim to an action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). What Plaintiff's suggestion fails to recognize is that his *Bivens* claim would be "defeated by the fact that [Plaintiff's injuries] are precisely the injuries cognizable and remediable under Title VII." *Otto v. Heckler*, 781 F.2d 754, 757 (9th Cir. 1987). While the preclusive effect of Title VII "extends only to claims of federal employees that are cognizable under Title VII," that is precisely the nature of the claim at issue here. *Kotarski v. Cooper*, 799 F.2d 1342, 1345 (9th Cir. 1986), *vacated on other grounds*, 487 U.S. 1212, and *on reconsideration*, 866 F.2d 311 (9th Cir. 1989); *see also Walker v. Sec'y of Navy*, 904 F.2d 711, 1990 WL 79226 (9th Cir. June 12, 1990) (unpublished table opinion).

8

(omitting internal quotes and citation). However, "before an individual can file an action against the United States in district court, she must seek an administrative resolution of her claim." *Jerves v. U.S.*, 966 F.2d 517, 518 (9th Cir. 1992).

While Plaintiff does not reference the FTCA in his Complaint, he does claim that the two named VA employees and the Doe defendants were acting within the scope of their employment at the time the common law torts allegedly were committed. Critically, if the employees were acting within the scope of their employment at the time of the alleged offenses, the common law torts would be governed by the FTCA, which applies to civil actions "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346. Under the FTCA, the only proper defendant is the United States. Here, the United States would be substituted as defendant for Plaintiff's common law tort claims, since federal employees are immunized from individual liability under the Act. *M.J. ex rel. Beebe v. U.S.*, 721 F.3d 1079, 1084 (9th Cir. 2013) (omitting internal quotes and citation).

Dispositive in Plaintiff's case if the FTCA applies, the Act explicitly retains the United States' sovereign immunity for claims arising out of slander. 28 U.S.C. § 2680(h). In addition, the Ninth Circuit has found that, while not enumerated in 28 U.S.C. § 2680(h), defamation and false light arise from the same conduct as slander, meaning sovereign immunity is not waived for those torts, either. *See, e.g., Safford Aviation Service, Inc. v. U.S.*, 14 Fed. Appx. 945, 946 (9th Cir. 2001) ("Under § 2680(h) of the FTCA, however, a district court lacks subject matter jurisdiction over a defamation claim against the United States."); *Adams v. U.S.*, 188 Fed. Appx. 571 (9th Cir. 2006) ("The district court correctly determined that [plaintiff's] claim for false light invasion of privacy arose out of defamation … and the district court therefore lacked jurisdiction."). Thus, if the FTCA applies to Plaintiff's common law tort claims, and sovereign immunity is not waived, this Court would lack subject matter jurisdiction over the claims.

Perhaps seeing the writing on the wall, Plaintiff changes his position on scope of employment in his Opposition to Defendants' Motion, now arguing that the VA employees were acting outside the scope of their employment at the times of the alleged offenses. Plaintiff similarly attacks Defendants' Certification of Scope of Federal Employment. He contends that the Certification is "nothing more than a self-serving procedural ruse designed to dispose of the complaint," blithely ignoring his Complaint's invitation for certification in its unequivocal assertion of scope of employment. ECF Nos. 19 at 5, 1 at ¶ 9.

1. **<u>Scope of Employment</u>**

To determine scope of employment, courts look to the laws of the state in which the alleged acts occurred. *Hartzell v. U.S.*, 786 F.2d 964, 966 (9th Cir. 1986). "California no longer follows the traditional rule that an employee's actions are within the scope of employment only if motivated, in whole or in part, by a desire to serve the employer's interests." *Xue Lu v. Powell*, 621 F.3d 944, 948 (9th Cir. 2010) (quoting *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal. 4th 291, 297 (1995)). Under California's rule, "an employee's willful, malicious and even criminal torts may fall within the scope of his or her employment for purposes of respondeat superior, even though the employer has not authorized the employee to commit crimes or intentional torts." *Id.* (quoting *Lisa M.*, 12 Cal. 4th at 296-97). This is true "even where the employee's torts violate the employer's express rules and confer no benefit on the employer." *McLachlan v. Bell*, 261 F.3d 908, 911 (9th Cir. 2001). The result, as assessed by the Ninth Circuit, is a "form of enterprise liability," in which a court "looks to the foreseeability of the employee's conduct, whether it be authorized or unauthorized, tortious or criminal." *Xue Lu*, 621 F.3d at 948. An action is within the scope of employment "when in the context of the particular enterprise an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business." *Mary M. v. City of Los Angeles*, 54 Cal. 3d 202, 209 (1991) (quotes and citations omitted).

Here, Plaintiff has claimed "retaliatory vitriol and hatred," including statements that he was "incompetent at his job" and "as a counselor," that he "mistreats veterans," that he "caused local veterans to lose their disability benefits," and that he plagiarized his doctoral dissertation. ECF No. 1 at ¶¶ 24, 25, 54. Even if the VA employees did engage in the conduct asserted, defamatory statements made by an individual while on the job that concern matters of interest to the individual's employer and its employees are appropriately characterized as statements made within the scope of employment for purposes of *respondeat superior*.[3] *See, e.g., Rivera v. National R.R. Passenger Corp.*, 331 F.3d 1074, 1081 (9th Cir. 2003). As the court in *McLachlan v. Bell* noted: "There is unfortunately nothing 'unusual or startling' about personal hostility, backbiting, resentment of another's success, false rumors, and malicious gossip in the workplace," which is the very essence of Plaintiff's Complaint. *McLachlan*, 261 F.3d at 912.

For the foregoing reasons, the Court finds that, for purposes of *respondeat superior*, the VA employees were acting within the scope of employment at the time of the alleged conduct. Because the employees acted within the scope of employment, the FTCA applies to Plaintiff's common law tort claims. As a result of the Act's application to the tort claims, the United States is substituted as defendant, in place of the individual employees. And because the FTCA retains sovereign immunity for the United States for the torts of slander, defamation, and false light, this Court lacks subject matter jurisdiction over the claims.

---

[3] Plaintiff argues that, in his Complaint, he has claimed that the VA employees made defamatory statements "outside of the Fresno VA Vet Center while off-duty." ECF No. 19 at 5. The Court can find nothing in Plaintiff's Complaint alleging VA employees were "off-duty" and only one equivocal statement alleging comments were made outside of the Fresno Center. As noted more than once, Plaintiff asserted in his Complaint that the VA employees acted within the scope of employment "at all relevant times." ECF No. 1 at ¶ 9. Plaintiff also stated that from October 2016 through August 2018, the VA employees "published false, deceptive, and misleading statements about Plaintiff by [sic] *at the Fresno Vet Center*" and "would use the Fresno Vet Center as the location to promote their retaliatory vitriol and hatred." *Id.* at ¶ 54 (emphasis added). Plaintiff references ¶ 26 in support of his argument, but ¶ 26 declares that statements were "often made while either or both" of the VA employees were "working at the Fresno Vet Center." Even if any of alleged statements were made outside the Fresno Center, this Court is not persuaded Plaintiff ever purported in his Complaint that they were made while "off-duty." And while the facts of a case may develop over the course of litigation, they are not a matter of convenience from pleading to motion and paper.

### 2. Failure to Exhaust Administrative Remedies

Even if the Court had not found that the FTCA reserves sovereign immunity for the common law torts alleged, Plaintiff's tort claims fail for the additional reason that Plaintiff failed to exhaust his administrative remedies. As noted above, an individual must seek administrative resolution of a claim before filing suit. *Jerves*, 966 F.2d at 518. This requirement is jurisdictional and cannot be waived, yet Plaintiff failed to present his administrative tort claims to VA prior to bringing this action. *Id.*; ECF No. 17-3. Because Plaintiff did not comply with the presentment and exhaustion requirements of the FTCA, this Court lacks subject matter jurisdiction.

### C. Injunctive Relief

Having found that the Court lacks subject matter jurisdiction over Plaintiff's Title VII claim and three common law tort claims, the Court now examines Plaintiff's request for injunctive relief, which neither party addressed in the context of the instant motion. Generally, "where there is no underlying cause of action over which the district court has primary jurisdiction, it may not entertain an application for an injunction." *Sires v. State of Wash.*, 314 F.2d 883, 884 (9th Cir. 1963). Here, the Court does not have primary jurisdiction over any underlying cause of action.

Circuit courts, though, have been "divided on the availability of injunctive relief in Title VII cases prior to administrative action or the running of the 180-day waiting period." *McGinnis v. U.S. Postal Service*, 512 F. Supp. 517, 520-21 (N.D. Cal. 1980). The law of the Ninth Circuit currently "is that in a 'limited class of cases' a district court has jurisdiction to grant a preliminary injunction in a Title VII case before completion of the administrative process in order to maintain the status quo." *Duke v. Langdon*, 695 F.2d 1136, 1137 (9th Cir. 1983) (quoting *Berg v. Richmond Unified School District*, 528 F.2d 1208, 1211 (9th Cir. 1975), *vacated on other grounds*, 434 U.S. 158 (1977)). That limited class of cases is restricted to those which demonstrate "both a high probability of the claimant's ultimate success on the merits and the threat of irreparable injury of the sort which the Act seeks to avoid." *Berg*,

528 F.2d at 1211; s*ee also Forest v. F.D.I.C.*, 976 F.2d 736, 1992 WL 231074 (9th Cir. Sept. 18, 1992) (unpublished table opinion). Only then may a claimant "personally bring suit to maintain the status quo pending disposition by the EEOC of the underlying charge of discrimination." *Berg*, 528 F.2d at 1211.

The exception permitting injunctive relief under limited circumstance while a Title VII claim is pending administratively simply does not apply to Plaintiff's case. Plaintiff has not begun to engage the administrative process, and there is no underlying administrative action from which this suit springs. Additionally, the circumstances under which courts have found the exercise of jurisdiction appropriate have been limited to cases in which the relief was employed to maintain a "status quo," e.g. to prevent termination of an employee or to prevent a pregnant employee from being forced to take leave. *McGinnis*, 512 F. Supp. at 519; *Berg*, 528 F.2d at 1211-12. At this point, Plaintiff's requested remedy is not attached to any viable claims over which this Court has jurisdiction, and the narrow exception for certain Title VII cases is unavailing for Plaintiff. And in any event, an injunction to maintain the status quo would not achieve any of Plaintiff's stated aims.

For the reasons explained above, this Court does not have jurisdiction to grant a preliminary injunction in relation to Plaintiff's Title VII claim. The Court also notes that Plaintiff's common law tort claims cannot serve as a basis for injunctive relief because injunctive relief is not available under the FTCA. Finally, the Court also concludes that it does not have any independent subject matter jurisdiction to reach the question of preliminary injunctive relief.

### V. **CONCLUSION AND ORDER**

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED. Plaintiff's claims are dismissed in their entirety.

IT IS SO ORDERED.

Dated: **May 22, 2019**        /s/ Lawrence J. O'Neill
                                UNITED STATES CHIEF DISTRICT JUDGE

13

14